IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANTONIO WHITE,

    Defendant.

Case No. 3:12-CR-30102-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the renewed Motion for Compassionate Release under the First Step Act filed *pro se* by Defendant Antonio White. (Doc. 68). White asks the Court to reduce his sentence to time-served, pursuant to 18 U.S.C. § 3582(c)(1)(A), due to the COVID-19 pandemic and his BMI of 30.8. For the reasons set forth below, the Court denies the motion.

### BACKGROUND

On September 14, 2020, Defendant Antonio White filed his first *pro se* motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 63). Soon after, the motion was denied without prejudice by this Court due to White's lack of extraordinary and compelling reasons for release. (Doc. 64). White had claimed his BMI of 30.8 and history of smoking were reasons for release. The Court, at that time, said that his weight did not rise to the level of extraordinary circumstances. (Doc. 64, p. 3). With weight loss of a mere five pounds, White's BMI would be under 30 and thus "remove him from the increased risk category." (*Id.*). Further, the Court stated that there was

nothing to suggest White had a serious physical or medical condition that substantially diminished his ability to provide self-care. (*Id.*).

White now bases his renewed motion solely on his weight, though he also states—without any further explanation or argument—that his prison lacks adequate fences or cells. (Doc. 69 at pp. 8-9). In response, the Government argues White does not have extraordinary and compelling reasons to warrant release. It cites this Court's initial denial based on White's weight and notes that White has already had asymptomatic COVID-19 and recovered. (Doc. 72 at p. 2).

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the Bureau of Prisons ("BOP"). 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. The parties do not dispute that White exhausted his administrative remedies before moving for compassionate release.

Once a motion is filed, the Court may reduce a term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

## Discussion

Under Application Note 1(A)(ii), extraordinary and compelling reasons for reducing a sentence exist when the defendant is presently suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. Here, however, there are no extraordinary and compelling circumstances that warrant granting White's motion for compassionate release.

As for his medical conditions, White believes his weight puts him in a more vulnerable position for death from COVID-19. White's BMI alone does not, however, present extraordinary circumstances. *See United States v. Tranter*, 471 F.Supp.3d 861, 864-65 (N.D. Ill. 2020) (holding that "BMI alone provides little insight into his physical

condition. BMI is a notoriously blunt tool with 'clinical limitations'"); *United States v. Meyer*, No. 14-CR-230, 2020 WL 6287697, at *8 n.9 (E.D. Wis. Oct. 27, 2020) ("Nearly 3/4 of the American people are either obese or overweight . . . so it may be difficult for a court to conclude that such a condition, without more, will qualify as unusual or extraordinary for purposes of compassionate release."). White's BMI barely puts him into the category of obese, and it certainly does not substantially diminish his ability to provide self-care within the environment of a correctional facility. His weight alone in the context of the COVID-19 pandemic is simply not enough to warrant compassionate release.

As noted by the Government, White's second motion "presents even less rationale for his request, while somehow expecting a different result." (Doc. 72 at p. 2). Because White has cited no extraordinary and compelling reasons for compassionate release pursuant to 18 U.S.C. § 3582, the Court need not consider the factors under 18 U.S.C. § 3553(a) or whether White remains "a danger to the safety of any other person or to the community" pursuant to 18 U.S.C. § 3142(g).

### Conclusion

For these reasons, the Court finds that White has established no extraordinary and compelling reason warranting a reduction in his term of imprisonment. His renewed *pro se* Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 68) is **DENIED.**

**IT IS SO ORDERED.**

DATED: May 18, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**